UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EAGLE HELICOPTER, AG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-262 |
| | § | |
| MCTURBINE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendants Honeywell Aerospace Services' and Honeywell International Inc.'s Motion to Limit Expert Testimony. (D.E. 54.)

This action arises out of an October 2, 2007 crash landing of a Kaman K-1200 helicopter (the "Helicopter") in the Swiss Alps. According to Plaintiff, the Helicopter was manufactured and sold to Plaintiff by Kaman Aerospace Corporation and equipped with a Honeywell Model T5317A-1 turboshaft engine (the "Engine"), which was manufactured and leased to Plaintiff by Defendants Honeywell Aerospace Services and Honeywell International, Inc. ("Honeywell Defendants"), and inspected, repaired, and tested McTurbine Inc. and Airborne Engines, Ltd. (D.E. 1 at 3.) Plaintiff brought this suit on September 30, 2009 against Defendants McTurbine, Inc., Honeywell Aerospace Services, Honeywell International Inc., Airborne Engines Ltd, and Kaman Aerospace Corporation, stating claims for (1) breach of contract, (2) breach of warranty, and (3) products liability. (D.E. 1 at 4.) Since the filing of this suit, all parties except the Honeywell Defendants have been dismissed. (D.E. 20, 25, 53.)

The Honeywell Defendants filed the present Motion to Limit Expert Testimony on December 30, 2010. (D.E. 54.) Plaintiff responded on January 11, 2011. (D.E. 59.)

The Honeywell Defendants state that Plaintiff has identified three fact witnesses as designated or potential expert witnesses: helicopter service supervisor Tim Graham; mechanic Peter Lempen; and pilot Thomas Bolzli. Rather than submit an expert disclosure or report, Plaintiff has incorporated prior deposition testimony with respect to each witness. (D.E. 54-7 at 4.) Defendants object, and request that this Court enter an order limiting the opinions of Plaintiff's experts to "those matters (1) admissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and (2) timely disclosed through deposition testimony." (D.E. 54 at 1.) More specifically, the Honeywell Defendants request that Plaintiff's three designated experts not be permitted to offer opinions as to the cause of the bearing fatigue in the Helicopter's Engine, because they are not qualified to do so, their testimony would be unreliable, and their disclosed deposition testimony does not state such information. (D.E. 54 at 2.)

In response, Plaintiff essentially states that it does not intend for its experts to offer any testimony as to the cause of the bearing fatigue. Plaintiff acknowledges that its experts "have never expressed any opinion as to *why* the bearing failed," and it need not prove this mechanism, but rather must only prove that the Engine had a defect, which can be established by circumstantial evidence. (D.E. 59 at 2; see also D.E. 59 at 1 ("No one knows the mechanism as to *why* the bearing failed.").)

In light of the foregoing, the Court must deny Defendants' Motion. To the extent that it requests a Court order limiting expert testimony to that admissible under Daubert and timely disclosed through deposition testimony, such a request is unnecessary. Certainly, it is already understood that any expert testimony would be limited to matters admissible under Daubert, and Federal Rule of Civil Procedure 26(a)(2) already requires

timely disclosure of experts.  Fed. R. Civ. P. 26(a)(2).  Moreover, as noted above, Plaintiff essentially states in its response that its experts will not offer testimony as to the cause of the bearing failure.  (D.E. 59 at 2.)  Thus, Defendants' chief concerns in bringing this Motion have been satisfied.

For these reasons, the Court DENIES Defendants Honeywell Aerospace Services' and Honeywell International Inc.'s Motion to Limit Expert Testimony.  (D.E. 54.)

SIGNED and ORDERED this 12th day of January, 2011.

_____
Janis Graham Jack
United States District Judge